IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

CONTENTS OF SAFE DEPOSIT BOX #0002056,
HELD BY AMANDA ZHENG AND/OR YI SHENG
ZHENG AT REGIONS BANK, 1031 MARTIN ST.
SOUTH, PELL CITY, ALABAMA, ACCOUNT
ENDING IN THE NUMBER *0567;

CONTENTS OF SAFE DEPOSIT BOX #0006008,
HELD BY AMANDA ZHENG AND/OR YI SHENG
ZHENG AT REGIONS BANK, 1031 MARTIN ST.
SOUTH, PELL CITY, ALABAMA, ACCOUNT
ENDING IN THE NUMBER *0086;

CONTENTS OF SAFE DEPOSIT BOX # 51-1-526
HELD BY DE YUN WANG AND/OR ZHENG KONG
ZHENG AT CATHAY BANK, F/K/A GOLDEN CITY
COMMERCIAL BANK, AT 45 EAST BROADWAY,
NEW YORK, N.Y.;

CONTENTS OF SAFE DEPOSIT BOX # 51-1-906
HELD BY ZHENG GUO ZHENG AT CATHAY BANK
AT 45 EAST BROADWAY, NEW YORK, N.Y.;

    Defendants, *in rem*.

Case No. 21-CV-_283_

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

In accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Plaintiff the United States of America brings this Verified Complaint and alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1.    This is a civil action forfeit to the United States the below-described defendants *in*

*rem* (the "*In Rem* Defendants"), pursuant to 18 U.S.C. §§ 981(a)(1)(A), which subjects to civil forfeiture any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and 1957 (regarding the laundering of monetary instruments), and in violation of Title 8, United States Code, Section 1324 (concerning a conspiracy to harbor undocumented noncitizens), and any property traceable to such property.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345 and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3.  Venue properly lies in the Southern District of Alabama pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred within the Southern District of Alabama, and under Title 28, United States Code, Section 1355(b)(1)(B), incorporated Title 28, United States Code, Section 1395(a), because a civil proceeding for the recovery of a pecuniary fine, penalty, or forfeiture may be prosected in the district where it accrues or the defendant is found.

4.  Upon the filing of this Verified Complaint, the Plaintiff requests that this Court issue a warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i) of the Federal Rules of Civil Procedure, which the Plaintiff will execute upon the *In Rem* Defendants pursuant to Title 28, United States Code, Section 1355(d) and Supplemental Rule G(3)(c).

## THE DEFENDANTS *IN REM*

5.  The *In Rem* Defendant are as follows:

    a.  **CONTENTS OF SAFE DEPOSIT BOX #0002056, HELD BY AMANDA ZHENG AND/OR YI SHENG ZHENG AT REGIONS BANK, 1031 MARTIN ST. SOUTH, PELL CITY, ALABAMA, ACCOUNT ENDING IN THE NUMBER *0567;**

  b. **CONTENTS OF SAFE DEPOSIT BOX #0006008, HELD BY AMANDA ZHENG AND/OR YI SHENG ZHENG AT REGIONS BANK, 1031 MARTIN ST. SOUTH, PELL CITY, ALABAMA, ACCOUNT ENDING IN THE NUMBER *0086;**

  c. **CONTENTS OF SAFE DEPOSIT BOX # 51-1-526 HELD BY DE YUN WANG AND/OR ZHENG KONG ZHENG AT CATHAY BANK, F/K/A GOLDEN CITYCOMMERCIAL BANK, AT 45 EAST BROADWAY, NEW YORK, N.Y.;**

  d. **CONTENTS OF SAFE DEPOSIT BOX # 51-1-906 HELD BY ZHENG GUO ZHENG AT CATHAY BANK AT 45 EAST BROADWAY, NEW YORK, N.Y.;**

## BASIS FOR FORFEITURE

6. Pursuant to 8 U.S.C. § 1324, it is unlawful to for a person in "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transport[], or move[] or attempt[] to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law." 8 U.S.C. § 1324(a)(1)(A)(ii). Further, it is unlawful for a person in "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceal[], harbor[], or shield[] from detection, or attempt[] to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation." 8 U.S.C. § 1324(a)(1)(A)(iii).

7. Pursuant to 18 U.S.C. § 1343, it is unlawful to "devise[] . . . any scheme or artifice to defraud," or to "obtain[] money or property . . . by means of false or fraudulent pretenses, representations, or promises," if the person "transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign commerce any writings . . . or sounds . . . for the purpose of executing such scheme or artifice." *Id*.

8. The *In Rem* Defendants contain proceeds (in the form of bulk currency or other

3

valuable items) which were derived from the use and labor of unlawfully present noncitizen foreign nationals who were unauthorized to work in the United States in violation of 8 U.S.C. § 1324, as set forth in detail below.  Further, the *In Rem* Defendants contain proceeds which are derived from a wire fraud scheme that operated in violation of 18 U.S.C. § 1343, as set forth further below.  Because the *In Rem* Defendants contain proceeds of a violation of 8 U.S.C. § 1324 and 18 U.S.C. § 1343, they are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), which authorizes the United States to civilly forfeit any property that constitutes or is derived from proceeds traceable to a "specified unlawful activity," as defined in 18 U.S.C.§ 1956(c)(7).  "Specified unlawful activity," is defined in 18 U.S.C. § 1956(c)(7) to include offenses listed in 18 U.S.C. § 1961(1), which includes wire fraud in violation of 18 U.S.C. § 1343 and violations of the Immigration and Nationality Act (which includes violations of 8 U.S.C. § 1324).

9. As required by Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial.  Specifically, they support a reasonable belief that the government will be able to show by a preponderance of the evidence that the *In Rem* Defendants contain proceeds (in the form of bulk currency or other valuable items), which are derived from harboring, transporting or employing noncitizen foreign nationals, wire fraud, and that the proceeds were involved in money laundering transactions.

## **FACTS**

Specific details of the facts and circumstances supporting the forfeiture of the *In Rem* Defendants have been provided by U.S. Small Business Administration – Office of Inspector General Special Agent Wesley Anthony, who states as follows:

   a. At all times relevant to this Complaint, Wesley Anthony was and remains a Special Agent of the Small Business Administration – Office of Inspector General.  As a Special Agent

with 17 years of experience, he has conducted or been involved in human smuggling and human trafficking investigations, including the illegal practice of harboring and employing unlawfully present foreign nationals for the purpose of using them as laborers in order to obtain a commercial advantage. He has also conducted numerous investigations relating to financial fraud, money laundering, immigration fraud, and cybercrime investigations.

b. Special Agent Anthony employs both traditional and contemporary investigative techniques including physical surveillance, document review, witness interviews, record checks, and the seizure and analysis of electronic media and data. Special Agent Anthony has been involved in the present investigation and has reviewed the records and information compiled in connection with submitting this Verified Complaint.

c. The following averments do not contain all the information known to investigators in this matter but are submitted to show that there is reasonable cause to believe that the United States will meet its burden of proof at trial.

d. There is reasonable cause to believe that Zheng Kong Zheng, De Yun Wang, Kong Mei Zheng, Zheng Guo Zheng, and other members and associates of the Zheng family – including Yi Sheng Zheng – have violated 8 U.S.C. § 1324(a)(1)(A)(v)(I) (conspiracy to harbor undocumented noncitizens), 18 U.S.C. § 1349 (wire fraud conspiracy), and 18 U.S.C. § 1956(h) (money laundering conspiracy) at various times in the Southern District of Alabama and elsewhere.

e. The Zheng family, and specifically, Zheng Kong Zheng, his wife De Yun Wang, Kong Mei Zheng (sister of Zheng Kong Zheng), Yu Ting Zheng (husband of Kong Mei Zheng), and Zheng Guo Zheng (brother to Zheng Kong Zheng and Kong Mei Zheng) have owned and operated a Chinese food buffet-style restaurant in Mobile, Alabama since the year

    2000, which has been styled as China Super Buffet Inc., then Asia Super Buffet Inc., and now Zheng China Super Buffet Inc. ("the Restaurant"). Yi Sheng Zheng (son of Kong Mei Zheng), and his wife, Amanda Zheng, are direct recipients of proceeds in the money laundering scheme.

f.  In 2009, the Restaurant and its principal owners came to the attention of federal law enforcement agents because of a tip that alleged that the business used unlawfully present noncitizen foreign nationals as labor. Investigation of the Restaurant found that it employed unlawfully present noncitizen foreign nationals of Hispanic and Asian descent. Despite multiple contacts with federal law enforcement agents, during which U.S. Border Patrol Agents advised the Restaurant's principals that its employees were unauthorized to work in the United States, the employment and harboring of unlawfully present foreign nationals continues unabated until the Present.

g.  By using unlawful labor practices to gain a commercial advantage, specifically the use of unlawfully present foreign nationals who are not authorized to maintain employment in the United States, all revenues and profits derived from the operation of the Restaurant are illicit proceeds resulting from the ongoing violations of 8 U.S.C. § 1324(a)(1)(A)(v)(I) (conspiracy to harbor undocumented noncitizens), which is a specified unlawful activity predicate offense for money laundering, including 18 U.S.C. § 1956(h) (money laundering conspiracy).

h.  Investigation has served to identify, trace, and follow the illicit proceeds derived through the unlawful operation of the Restaurant. The illicit proceeds were found to have been in the form of cash deposits and other assets which are believed to have been diverted, withheld from the traditional financial system, and stored as the contents of the above-

    referenced Safe Deposit Boxes.

i. Investigation has shown that members of the Zheng family retain large amounts of bulk currency in their domiciles and safe deposit boxes, which investigation has shown is proceeds from the unlawful operation of the Restaurant in the Southern District of Alabama.

j. Each of the above-referenced Safe Deposit Boxes are rented by a member of the Zheng family as set forth above, and to the extent the contents of the boxes consists of bulk currency or other valuable items, the contents can specifically be traced to proceeds obtained in violation of law as set forth above.

## **CONCLUSION**

As required by Supplemental Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, reasonable cause exists to believe that the *In Rem* Defendants contain or consist of proceeds which were derived from the use and labor of unlawfully present noncitizen foreign nationals who were unauthorized to work in the United States in violation of 8 U.S.C. § 1324 and of a wire fraud scheme that operated in violation of 18 U.S.C. § 1343, and the *In Rem* Defendants (being contents consisting of proceeds and other valuable items) are involved in money laundering offenses, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

[signature on following page]

        Respectfully submitted,

        SEAN P. COSTELLO
        UNITED STATES ATTORNEY

Date: June 25, 2021      By:   */s/ Kasee Sparks Heisterhagen*
        Kasee Sparks Heisterhagen
        Assistant United States Attorney
        63 S. Royal Street, Suite 600
        Mobile, Alabama 36602
        Telephone:   251.415.7186
        Facsimile:   251.441.5044
        Email:   kasee.heisterhagen@usdoj.gov

**VERIFICATION**

I, WESLEY ANTHONY, hereby verify and declare under penalty of perjury, that I am a Special Agent with the United States Small Business Administration, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, including the United States Department of Homeland Security.  The Verified Complaint does not contain each and every fact that I have learned during the course of this investigation, but only those necessary to support the civil process against the *In Rem* Defendants and the initiation of this civil forfeiture action.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of June, 2021.

_____
Wesley Anthony
Special Agent
United States Small Business Administration
Office of Inspector General